**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

VS.  4:06-CR-00061-BRW
 4:13-CV-00428-BRW

TERRY LEE WARD

**ORDER**

Pending are Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 215) and Motion to Proceed *In Forma Pauperis* (Doc. No. 214).

**I.  BACKGROUND**

On February 25, 2011, a jury convicted Petitioner of production and possession of child pornography.[1] Petitioner was sentenced to 360 months on Count 1 and 120 months on Count 2. The sentences were to run concurrent with each other but consecutive to Petitioner's undischarged sentence from another case.[2] The Court of Appeals for the Eighth Circuit affirmed the jury verdict and sentence on July 23, 2012.[3]

**II.  DISCUSSION**

  **A.  District Court Erred in Denying the Motion for Judgment of Acquittal**

Petitioner sets out many allegations as to why the previous denial of the Motion for Judgment of Acquittal was in error. However, the Court of Appeals for the Eighth Circuit already affirmed this Court's ruling on Plaintiff's Motion for Judgment of Acquittal.[4] Since

---

[1] Doc. No. 172.

[2] Doc. No. 190.

[3] Doc. No. 206.

[4] *United States v. Ward*, 686 F.3d 879 (8th Cir. 2012).

1

issues previously considered on direct appeal from a federal prisoner's conviction cannot be reconsidered on a motion brought under § 2255,[5] this claim is DENIED.

**B.      Insufficient Evidence**

Petitioner insists that the Prosecution failed to prove each element of the crimes charged and that there was insufficient evidence to support his conviction. These claims are denied for the same reasons set out in the next preceding paragraph.

**C.      Prosecutorial Misconduct**

Petitioner asserts that the Prosecution committed fraud on the court when it altered the evidence, suppressed exculpatory evidence, withheld evidence that made key witnesses less credible, and withheld the name of witness who allegedly altered the video. According to Petitioner, the Prosecution failed to turn over exculpatory evidence that "if disclosed could have reasonably altered the result of the proceeding."

It appears to me that all of these allegations are based on Petitioner's belief that the Prosecution altered a video that was put into evidence. Petitioner made these same claims during trial and was given the opportunity to establish his position during his case-in-chief. However, then and now, Petitioner's allegations remain unsubstantiated by any credible evidence. When allegations are "inherently incredible, as well as conclusory" they are "properly denied without a hearing."[6] Accordingly, this claim is denied.

---

[5]See *Davis v. United* States, 673 F.3d 849, 852 (8th Cir. 2012) (citing *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) ("[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.")).

[6]*Winters v. U.S.*, 716 F.3d 1098, 1105 (8th Cir. 2013).

### D. Conspiracy to Deprive Petitioner a Fair Trial

Petitioner contends that his lawyer and the Prosecution conspired to deprive him of a fair trial. This claim is denied for the same reasons set out in the next preceding paragraph.

### E. Ineffective Assistance

For his ineffective assistance of counsel claim, Petitioner contends that his lawyer would not sign or file his *pro se* motions; did not object when Petitioner requested; did not challenge the authenticity of the video the Prosecution put into evidence; failed to keep the video from being altered; refused to subpoena Petitioner's witnesses; and had a conflict of interest and refused to remove himself the case;

#### 1. General Ineffective Assistance Claims

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness.[7] Petitioner must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[8] The court then must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[9] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[10]

---

[7] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[8] *Strickland*, 466 U.S. at 690.

[9] *Id.*

[10] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

Even if a court finds deficient performance of counsel, Petitioner must also establish prejudice.[11] To establish prejudice, Petitioner must demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[12]

So, the test has two parts: (1) deficient performance; and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining element of the test.[13]

Petitioner's ineffective assistance allegations are without merit. First, Petitioner provided only conclusory statements to support his claims. He also failed to set out the objections counsel failed to make on his behalf, the motions counsel refused to file, and how either would have changed the outcome of the trial. Even assuming that this inaction by counsel amounted to insufficient performance, Petitioner has not establish prejudice.

As for the witnesses counsel refused to call, this issue was addressed at trial. During trial, counsel indicated that it was his trial strategy to not call these witnesses -- generally, because the witnesses did not have relevant information.[14] Still, I allowed Petitioner to name the witnesses he wanted to call and ruled on each request. It was neither deficient nor prejudicial for Petitioner's counsel to not call the witnesses (*e.g.*, the Clerk of the Court, the Assistant United States Attorney prosecuting the case; the United States Attorney for the Eastern District of Arkansas; Petitioner's counsel, and me) Petitioner wanted to call.

---

[11] *Strickland*, 466 U.S. at 694.

[12] *Id.* (where 'reasonable probability' is "a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[13] *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

[14] Doc. No. 199.

4

All of Petitioner's allegation of ineffective assistance "fail to clear the high hurdle of demonstrating deficient trial performance."[15] Based on the record, it cannot be said that counsel performed deficiently.

### 2. Conflict of Interest

Petitioner contends that his lawyer had a conflict of interest and did not remove himself from the case. Since it is not clear, I assume that Petitioner is reiterating his allegation that his lawyer was involved in a conspiracy with the Prosecution to convict him. This claim is unsupported by any evidence.

To the extent that Petitioner is asserting that his counsel should have recused for other reasons, he has failed to establish an actual conflict, so the claim is without merit.[16]

### F.     Judge's Abuses

Petitioner contends that the Judge's abuses deprived him of a fair trial. It appears that this claim is based on my rulings during trial. Accordingly, these issues either were brought up on direct appeal (or should have been) and habeas relief is not available.

### G.     Additional Claims

Petitioner's additional claims (*e.g.*, that the Court of Appeals for the Eighth Circuit erred in not allowing him to file *pro se* pleadings;[17] that the jury erred in finding him guilty; Counts 1 and 2 should be dismissed based on double jeopardy; and he was subjected to cruel and unusual punishment) are denied either because they are without merit or not properly pursued in a § 2255 habeas petition.

---

[15]*Winters v. U.S.*, 716 F.3d 1098, 1006 (8th Cir. 2013).

[16]See *Morelos v. U.S.*, 709 F.3d 1246 (8th Cir. 2013).

[17]I only reverse the Circuit Court on rare occasions; and then only in the shank of an evening in a waterin' hole, while sampling a cup or two of "the creature."

### H. Motion for Copies

To the extent that Petitioner again is requesting copies of the video and exhibits from trial. The motion is denied.

### I. Interrogatories

To the extent that Petitioner is seeking leave to serve discovery -- the habeas petition included what appear to be questions for witnesses and interrogatories -- the motion is denied.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 215) is DENIED. Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. No. 214) is DENIED as MOOT.

IT IS SO ORDERED this 30th day of July, 2013.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE